**W.H. GRAHAM; et al., Plaintiffs–Appellants,**

v.

**PINAL COUNTY; et al., Defendants–Appellees.**

No. 03–15784.
D.C. No. CV–96–02014–OMP.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM**

W.H. Graham, a former Pinal County pre-trial detainee, and his wife, Rae Ann Graham, appeal pro se the district court's summary judgment in favor of certain defendants, and its order denying a new trial following a jury verdict for Pinal County, in this 42 U.S.C. § 1983 action arising from Mr. Graham's arrest and detention while awaiting trial for murder. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir.1998), and we affirm.

■ The district court properly granted summary judgment on the basis of qualified immunity to detectives Strange, Buck-

le, Coronel, Winfree, and Placencio. The detectives had a reasonable belief they could start an investigation and make an arrest when they responded to gunfire and encountered Graham standing near the body of a man who had just been shot dead at point-blank range with a handgun. *See Saucier v. Katz,* 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

■ The district court properly granted summary judgment to Boyd Johnson, because a public defender, when appointed to represent an indigent defendant in the traditional adversarial role, is not a state actor and therefore not a proper party to a section 1983 action. *See Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir.2003) (en banc) (quoting *Polk County v. Dodson,* 454 U.S. 312, 317–18, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)).

■ Likewise, the district court properly granted summary judgment to County Supervisor Sandy Smith. *See Jones v. Williams,* 297 F.3d 930, 934 (2002) (rejecting *respondeat superior* liability in section 1983 actions and requiring personal participation in the alleged constitutional violation).

■ The district court did not err by dismissing the Grahams' claims against Soos, Perry, and Rourke on the ground of absolute immunity, because they were performing their duties as prosecutors in Graham's murder trial. *See Olsen v. Idaho State Bd. of Medicine,* 363 F.3d 916, 922–23 (9th Cir.2004).

■ The district court did not abuse its discretion by denying the Grahams' motion for a new trial premised on new evidence as the proffered evidence was available prior to trial and the Grahams failed to demonstrate how it would have affected

** This disposition is not appropriate for publication and may not be cited to or by the. courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the outcome of the case. *See Far Out Prods., Inc. v. Oskar,* 247 F.3d 986, 998 (9th Cir.2001).

Because the Grahams failed to object to the jury instructions at trial, they have waived their opportunity to challenge the instructions. *See* Fed.R.Civ.P. 51 (1987); *Zhang v. Am. Gem Seafoods, Inc.,* 339 F.3d 1020, 1030 (9th Cir.2003).

We also decline to consider the other contentions the Grahams raise for the first time on appeal. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1108 (9th Cir.2001).

The Grahams' remaining contentions lack merit.

We deny all pending motions.

**AFFIRMED.**